UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------X

CLAYTON WARD,

Plaintiff,

-against-

THE LONG ISLAND RAILROAD COMPANY,

Defendant.

-------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

Plaintiff, **CLAYTON WARD**, complaining of defendant, by his attorneys, **LAW OFFICE OF PHILIP P. VOGT, PLLC.**, respectfully shows to this Court and alleges, upon information and belief:

## PRELIMINARY STATEMENT

Plaintiff, CLAYTON WARD, an employee of the defendant, THE LONG ISLAND RAILROAD COMPANY, (LIRR), was injured in the course of his employment for the defendant, on January 29, 2026 on the LIRR's on Main Line 1 track near LIRR's Mineola Station, Nassau County, State of New York. The injuries Mr. Ward sustained on January 29, 2026 were sustained by reason of the defendant Long Island Railroad Company having failed to provide him with a safe workplace.

## JURISDICTION AND VENUE

**FIRST:** The actions herein arise under the Federal Employers' Liability Act, Title 45, United States Code Annotated, §§51-60, as hereinafter more fully appears.

**SECOND:** The place of the January 29, 2026 occurrence giving rise to that action is located in Nassau County in the State of New York.

## THE PARTIES

**THIRD:** The plaintiff, CLAYTON WARD, is a resident of the County of Suffolk, and State of New York, and at all times hereinafter mentioned, was employed by the defendant, THE LONG ISLAND RAILROAD COMPANY, as a Track Foreman.

**FOURTH:** At all times herein mentioned, the defendant, THE LONG ISLAND RAILROAD COMPANY (hereinafter "LIRR"), was a public benefit corporation organized and existing under and by virtue of the laws of the State of New York.

**FIFTH:** At all times herein mentioned, the defendant, LIRR's principal office and place of business was and still is in the County of Queens, City and State of New York.

**SIXTH:** At all times herein mentioned, the defendant, LIRR, was and now is a common carrier by rail engaged in interstate commerce between different states in the United States.

## AS AND FOR A FIRST CAUSE OF ACTION

**SEVENTH:** On January 29, 2026, the plaintiff, CLAYTON WARD, was working for the LIRR, in his craft as a Track Foreman on Main Line 1 near Mineola Station, Mineola, New York.

**EIGHTH:** That at all times hereinafter the defendant LIRR was the owner of the Main Line 1 near Mineola Station including the track adjacent to the Mineola Station and the nearby Nassau 3 Interlocking.

**NINTH:** On the date aforesaid, while plaintiff was working at the area described in paragraph "SEVENTH" above, he was caused to sustain an injury when while walking within the gauge of the tracks he stepped on a hidden snow-covered PTC Transponder which caused him to slip and fall thus causing him to sustain injuries to his left knee with resultant concomitant pain, suffering, and disability all as a result of the negligence of defendant, its agent, servants and/or employees.

**TENTH:** Plaintiff's duties generally in defendant LIRR's employ were substantially in furtherance of interstate commerce, and directly, closely, and substantially affected such commerce.

**ELEVENTH:** At the time of the said occurrence, plaintiff was engaged in duties for defendant LIRR in furtherance of interstate commerce, said duties directly, closely, and substantially affecting such commerce.

**TWELFTH:** Said occurrence and the injuries resulting therefrom were the result of the LIRR’s failure to provide the plaintiff with a safe place to work; the negligence of its officers, agents, or employees; defects or insufficiencies in the walking-working surface of the gauge of the tracks, its negligence in its cars, engines, appliances, track, roadbed, works, boats, wharves or other equipment and work methods; in that employees of defendant were careless and negligent in the performance of their duties; in that defendant's employees were negligent in the operation and work of defendant's railroad business; in that defendant maintained its railroad equipment (worksite) in an improper, defective and dangerous condition; in that defendant failed to provide plaintiff with a safe place in which to work and with safe equipment and safe work methods with which to work; in that employees of defendant failed to take proper precautions to prevent the injury sustained by plaintiff; in that defendant failed to make proper and adequate provision for the safety of plaintiff; in that defendant failed to promulgate and enforce proper safety rules for the safe conduct of the work and operation of its railroad; in failing to guard

against those risks and/or dangers which defendant knew or by the exercise of due care should have known; in failing to exercise reasonable care to provide plaintiff with a safe place to work, reasonably safe conditions in which to work and reasonably safe tools, work methods and equipment; in failing to inspect the place of work and work procedure; in failing to exercise reasonable care in assigning this particular task to plaintiff; in failing to consider the plaintiff's particular physical condition before assigning the tasks to him; in negligently instructing the plaintiff to perform tasks with a number of co-workers and/or a procedure or method which would result in injury; in causing, allowing, suffering and/or permitting said workplace to be and remain in an unsafe, dangerous, precarious and defective condition; in failing to warn plaintiff of the dangers associated with the prescribed work method being employed; in failing to provide the plaintiff with a safe path to walk to his work site; in failing to clear snow from the gauge of the track where defendant required plaintiff to walk; in failing to provide alternate means for plaintiff to travel to the work site (a vehicle for example); in failing to warn plaintiff of the dangers associated with the walking-working surface he had been directed to work upon; in causing, allowing, suffering and/or permitting said walking-working surface to remain in use without remedy in spite of the

presence of the slipping/tripping hazard; in failing to remedy said dangerous condition; in causing, permitting and allowing the aforementioned area to be in a dangerous and hazardous condition for a period of time in which it had notice and knowledge, actual and/or constructive of the condition; in failing to maintain such excavation site in a reasonably safe condition; in failing to perform necessary inspection of the worksite; in creating a nuisance; in violating its own safety rules and regulations and accustomed practice in the industry; in violating the LIRR Corporate Safety Rules including: 100.0(a) in failing to create a safe work environment; 100.0(d) in failing to keep the work area free of unprotected hazards; 200.1(c) in failing to warn of unsafe conditions; 200.3(a) in failing to ensure work was done in a safe manner, (b) in failing to observe and correct or instruct the plaintiff, (c) in failing to warn and continuously observe and supervise the work, (d) in failing to instruct the plaintiff about the potential hazard; 300.3 in failing to inspect the work site for dangerous conditions and take action to prevent harm; 300.3.1 in failing to remedy slipping/tripping hazards; 2100.1280 in failing to remove slipping, tripping, fall hazards from paths or walkways; its violation of the applicable sections of 29 C.F.R. Parts 1910.22, 1926.21, 1926.22 and 1926.25; its violation of its own Safety Rules including 300.3 and accepted industry practices;

all in violation of its non-delegable duty to the plaintiff under 45 U.S.C. § 51.

**THIRTEENTH:** Said occurrence and the injuries resulting therefrom were due wholly and solely to the negligence of defendant, its agents, servants and employees, and the defects in defendant's property and equipment as aforesaid, without any fault or negligence on the part of plaintiff contributing thereto.

**FOURTEENTH:** By reason of the premises, plaintiff was severely and seriously injured; suffered and will continue in the future to suffer pain and injury; has become sore, lame and disabled, and will be permanently injured; has lost and will lose in the future sums of money which he otherwise would have earned; has been compelled to spend sums of money and incur liability for medical treatment and medicine, and will incur such expenses in the future.

**FIFTEENTH:** By reason of the premises, plaintiff, CLAYTON WARD, has been damaged in a sum which exceeds the minimum jurisdictional requirements of this Court.

## AS AND FOR A SECOND CAUSE OF ACTION

**SIXTEENTH:** Plaintiff, CLAYTON WARD, repeats, reiterates and re-alleges each and every allegation contained hereinabove in

paragraphs "FIRST" through "FIFTEENTH" inclusive with the same force and effect as if hereinafter set forth fully at length.

**SEVENTEENTH**: That the defendant's violation of 29 C.F.R. Parts 1910.22, 1926.21, 1926.22 and 1926.25, as set forth above constitutes negligence *per se*.

**EIGHTEENTH**: The sections of 29 C.F.R. Parts 1910.22, 1926.21, 1926.22 and 1926.25 set forth in the FIRST CAUSE OF ACTION are the type of statutes referred to in 45 U.S.C. Section 53 and 54a and pursuant to 45 U.S.C. Sections 53 and 54a the defense of comparative negligence is unavailable to the defendant in this case.

**NINETEENTH**: By reason of the injuries and damages sustained in the January 29, 2026 occurrence, plaintiff has been damaged in a sum which exceeds the minimum jurisdictional requirements of this Court.

**TWENTIETH**: Pursuant to Federal Rules of Civil Procedure Rule 38, plaintiff, CLAYTON WARD, hereby demands a trial by jury in the above-captioned actions of all issues triable by jury.

**WHEREFORE**, plaintiff demands judgment against the defendant on each cause of action in a sum which exceeds the minimum jurisdictional requirements of this Court, together with the costs and disbursements of this action.

Dated: New York, New York
October 9, 2026

Respectfully submitted,

**LAW OFFICE OF PHILIP P. VOGT, PLLC**
Attorneys for Plaintiff

By: Philip John Vogt Esq
PHILIP JOHN VOGT, ESQ
225 West 34th Street, 9th fl.
New York, New York 10122
(212) 835-1640
(212) 564-9090
PhilipJohnVogt@PVogtLaw.com

**NOTICE OF ENTRY OR SETTLEMENT**

*Sir(s):*

**PLEASE TAKE NOTICE** *that a*

*of which the within is a (true)(certified) copy*

___ **NOTICE OF ENTRY**

*was duly entered within named*

*Court on 200*

___ **NOTICE OF SETTLEMENT**

*will be presented for settlement to the Hon.*

*one of the Judges of the within named Court at the Courthouse at*

*on 200*

*at o'clock A.M.*

*Dated: 200*

*Yours, etc.,*

**LAW OFFICE OF PHILIP P. VOGT, PLLC**
*Attorneys for Plaintiffs*
*Office & P.O. Address:*
*225 W. 34th St., 9th Fl.*
*New York, New York 10122*
*(212) 835-1640*

*To:*

*Attorney(s) for*

**Index No.**
*UNITED STATES DISTRICT COURT*
*EASTERN DISTRICT OF NEW YORK*

CLAYTON WARD,

Plaintiff,

-against-

THE LONG ISLAND RAILROAD COMPANY,

Defendant.

*SUMMONS AND COMPLAINT*

**LAW OFFICE OF PHILIP P. VOGT, PLLC**
*Attorneys for Plaintiffs*
*Office & P.O. Address:*
*225 W. 34th St., 9th Fl.*
*New York, New York 10122*
*(212) 835-1640*

*To:*

*Attorney(s) for*

**ADMISSION OF SERVICE**

*The undersigned acknowledges receipt of a copy of the within*

*on 200*

*at o'clock M.*

*...........................*
*Attorney(s) for*

*By:.......................*

**ATTORNEY'S CERTIFICATION**

*STATE OF NEW YORK, COUNTY OF*

*The undersigned, an attorney admitted to practice in the State of New York, does hereby certify, pursuant to Section 2105 CPLR, that I have compared the within*

*with the original and have found it to be a true and complete copy thereof.*

*Dated: 200*

*.......................*